UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 14-5-HRW

DEBORAH BENTLEY, PLAINTIFF,

v. MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current applications for disability insurance benefits and supplemental security income benefits on October 19, 2012 and September 12, 2013, alleging disability beginning on March 21, 2012, due to "severe pain in back, pain radiating frm lower back down left leg, restless leg syndrome, migraines, arthritis in back, depression, constant nausea and vomiting, severe muscles spasms in lower back, muscle spasms in neck radiates to head, severe pain in neck and shoulders, sinus headaches, cluster headaches, arthritis in hands, arthritis in knees, arthritis in feet, anxiety and recent hernia repairs". (Tr. 181). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative

hearing was conducted by Administrative Law Judge Michele M. Kelley (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Casey Vass, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 11-21). Plaintiff was 57 years old at the time of the hearing decision. She has completed some college and has past work experience as a human resources manager and recruiter.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.13).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, degenerative disc

disease of the lumbar and cervical spine, osteoarthritis of the right hand, depression, anxiety, substance abuse and personality disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 13-14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14-16). The ALJ further found that Plaintiff could return to her past relevant work (Tr. 20) and, further, determined that she has the residual functional capacity ("RFC") to perform a range of medium work, with certain restrictions, as set forth in the hearing decision (Tr. 16-18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 18).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 17 and 20] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to find that Plaintiff's previous gastric bypass surgery and migraine headaches were "severe" at Step 2 of the sequential analysis; (2) the ALJ improperly found that Plaintiff's limitations in concentration, persistence or pace were "mild," rather than "moderate"; (3) the ALJ did not evaluate all the credible evidence in formulating Plaintiff's RFC; and (4) the ALJ did not properly weigh the medical evidence.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to find that Plaintiff's previous gastric bypass surgery and migraine headaches were "severe" at Step 2 of the sequential analysis.

It is the burden of the claimant to prove the severity of her impairments. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986). The Court is mindful of the fact that the Step 2 severity

4

regulation, codified at 20 C.F.R. §§ 404.1520© and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

In this case, the ALJ found that Plaintiff had some severe impairments and, therefore, continued with the sequential evaluation. As such, Plaintiff's argument is of no moment. The finding of non-severity is not legally relevant because the ALJ went on to determine Plaintiff's residual functional capacity (RFC) between steps three and four, and, at that point, was required to consider her severe and non-severe impairments. Therefore, this assignment of error has no merit.

Plaintiff's second claim of error is that the ALJ improperly found that Plaintiff's limitations in concentration, persistence or pace were "mild," rather than "moderate".

The ALJ reasonably concluded that Plaintiff had only mild limitations in concentration, persistence, and pace (Tr. 15). When Plaintiff completed a Function Report in November 2012, she reported taking college classes and spending time reading, doing homework, and studying, and did not indicate that her condition affected her memory, concentration, or ability to complete tasks (Tr. 195, 200). Similarly, at her intake with Mountain Comprehensive Care, Plaintiff identified no problems with memory, confusion, attention span, or distraction (Tr. 1322). At the administrative hearing, Plaintiff reported that she took college courses, did well in the classes she completed, and only had to drop those classes when she had problems with her physical health or was drinking excessively (Tr. 50-52). The Court finds this to be substantial evidence in support

5

of the ALJ's analysis in this regard.

In analyzing Plaintiff's concentration, persistence or pace, the ALJ discounted the opinions of Dr. Ile Sillers, Dr. Mary Thompson and Dr. Wayne Edward, who suggested "moderate" as opposed to "mild" impairment in these areas. However, the ALJ noted that these opinions were in most part based upon Plaintiff's own description of her symptoms and the evidence of her daily activities. Finally, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). These are valid grounds upon which to discount the opinions and the Court finds no error in this regard.

Plaintiff's third claim of error is that the ALJ did not evaluate all the credible evidence in formulating Plaintiff's RFC. It appears that Plaintiff takes issue with the ALJ's assessment of her credibility in determining what she can and cannot do, despite her impairments.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

The ALJ found that Plaintiff's statements were not fully credible because, inter alia, the record evidence failed to support Plaintiff's alleged level of symptom severity, because Plaintiff could perform most activities of daily living without significant limitation, because Plaintiff

6

previously worked at a skilled job and was fired for physical problems that had resolved and substance abuse that was under control, because Plaintiff took college level coursework, and because Plaintiff collected unemployment benefits. holding herself out as able to work (Tr. 17-18).

The Court finds that the ALJ properly determined that Plaintiff's subjective complaints were not credible in light of her ability to perform other tasks. *See e.g. Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001).

Finally, Plaintiff contends that the ALJ did not properly weigh the medical evidence.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a

7

review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Faced with conflicting opinions from treating doctor Dr. Triplett, consulting doctor Dr. Waltrip, and state agency consultant Dr. Irlandez, the ALJ gave great weight to Drs. Waltrip and Irlandez, who opined that Plaintiff could perform a reduced range of medium exertion work.

Plaintiff places much emphasis on Dr. Triplett's May 2012 letter, in which he opined that Plaintiff is "permanently and totally disabled." The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of

8

disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Moreover, this statement appears to be supported more by Plaintiff's subjective complaints, rather than objective data. For this reason, the ALJ was correct in giving them any deference.

The ALJ also gave no weight to Dr. Triplett's July 2013 opinion, which limited Plaintiff to only three hours of work per day, because it was not supported by his treatment records (Tr. 1414). Lack of support in treatment records is a well-accepted reason for discounting a treating physician's opinion. Because Dr. Triplett's opinion was expressed by circling limitations on a standardized form without any explanation of the basis for his opinion, it is not particularly helpful in evaluating Plaintiff's limitation. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (a physician's checkmark opinion on a standardized multiple choice form is "not particularly informative").

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 30th day of March, 2015.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

9